GROVES and Others *v.* THE STATE on the relation of the BOARD OF COMMISSIONERS OF WELLS COUNTY.

An action to recover congressional school funds, might, under section 114, R. S. 1843, p. 255, be brought in the name of the state, on the relation of the board of county commissioners.

If the grounds of objection to testimony be not shown by the record to have been presented to the Court below, this Court will presume that it was properly admitted.

*Wednesday, June 3.*

APPEAL from the *Wells* Circuit Court.

DAVISON, J.—This was an action of debt against *Lewis S. Groves,* the auditor of *Wells* county, and his sureties, on his official bond. The bond was conditioned, in the usual form, for the faithful discharge of the duties of the auditor.

The declaration assigns twelve breaches. The first, second, third, fourth, fifth, sixth and seventh, are in substance the same. They aver that the auditor, while in office, made false and fraudulent entries of allowances to himself as auditor, amounting in the aggregate to 1,000 dollars, upon the record of the proceedings of said board, without its consent or knowledge, and caused to be redeemed at the county treasury county orders drawn in favor of himself, upon such false and forged entries. The eighth breach alleges that, during his continuance in office, he drew, issued, and put in circulation, fifty county orders, drawn by him on the treasurer of said county, and neglected to register the same, &c. These breaches led to issues of fact. To the ninth, tenth, eleventh and twelfth, the defendants demurred; but their demurrer was overruled. As to the ninth and eleventh, no point is made in the appellants' brief. They will not, therefore, be further noticed. The tenth and twelfth breaches allege, substantially, that the auditor, while in office, loaned to himself ten large sums, amounting to 500 dollars, of the congressional school funds of said county; and for said several sums of money, drew his warrants payable to sundry persons, but really for his own use, which warrants were delivered by him to the nominal borrowers, without taking notes or other security, and were paid by the county treasurer; but the moneys so borrowed, or any part thereof, have never been repaid, and are wholly lost, &c.

There was a verdict for the plaintiffs, upon which the Court rendered a judgment.

In support of the demurrer, it is alleged that the board of commissioners have no right to prosecute a suit for the recovery of congressional school funds. This is the only point made in the briefs relative to the pleadings.

The action, it will be seen, is not in the name of the commissioners. They are merely relators; and we have decided that, for the recovery of moneys belonging to the surplus revenue fund, a suit may be instituted in the name of the state, on the relation of the board of commissioners. *Shook* v. *The State*, &c., 6 Ind. R. 113. The decision to

which we have referred, proceeds upon the ground that the law imposed on the commissioners the duty of protecting and preserving the fund. And there is, indeed, no reason why the same rule should not apply in the case before us; because, under the law as it stood when this cause was tried, they were equally bound to protect and preserve the congressional school fund. There was then in force an express enactment, whereby the several counties were held liable for its preservation. R. S. 1843, p. 255, s. 114. During the trial, various exceptions were taken to the admission of testimony; but the record does not show a single instance in which the grounds of objection to the admitted evidence were presented to the Court. We must, therefore, presume that the evidence was properly admitted.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. R. Slack* and *J. P. Greer*, for the appellant.
*W. March*, for the state.